[No. 16547-7-III.   Division Three.   April 30, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. COREY DEJUAN ALLEN, *Appellant*.

*David N. Gasch*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Carol O. Davis, Deputy*, for respondent.

BROWN, J. — The primary issue presented in Corey Dejuan Allen's conviction for second degree burglary is whether the evidence is sufficient to support an inference he unlawfully entered into a public school classroom. He argues the school was open to the public and he could not, therefore, unlawfully enter. He further argues prosecutorial misconduct during closing argument. Because from this record (1) a jury could conclude Mr. Allen exceeded any lawfully permitted entry, and (2) the prosecutor's argument was not outside the evidence and not shown by a substantial likelihood to be prejudicial, we affirm.

## FACTS

Corey Dejuan Allen entered Rodney Burke's fifth-grade classroom at Stevens Elementary School when the classroom was empty while the children were in P.E. Mr. Burke

returned to his classroom approximately 2 to 3 minutes after walking his class to P.E. and found Mr. Allen crouched down by his desk with his hand on Mr. Burke's jacket. Mr. Burke shouted: "What are you doing?" At this, Mr. Allen fumbled and rose to his feet. Mr. Allen acted scared, surprised and flustered. The two then walked into the hall where Mr. Burke again asked Mr. Allen what he was doing. Mr. Allen replied that he was there to pick up Autumn, one of Mr. Burke's students. Mr. Burke insisted Mr. Allen report to the office. Mr. Allen reluctantly obliged.

After questioning Mr. Allen about his reasons for being in the school, Mr. Allen again stated he was there to pick up Autumn. However, Mr. Allen did not know Autumn's last name. Autumn's name was in block letters in the classroom as "student of the week." Additionally, Autumn's name was the first on a stack of papers on Mr. Burke's desk. The principal looked up whether Autumn's parents had provided Mr. Allen's name as a person with permission to pick her up from school. His name was not provided. Mr. Allen admitted he did not have Autumn's mother's permission to pick her up. Mr. Allen then complained Mr. Burke and the principal were being rude and walked out.

Mr. Burke identified Mr. Allen from photographs shown to him by Richard Shaw, school security investigator. Mr. Allen was then located and charged with one count of second degree burglary.

At trial, Mr. Allen objected without success to two of the prosecutor's closing comments. The first concerned Mr. Allen's failure to establish lawful entry and the second concerned whether he lied about being there to pick up Autumn. The jury convicted Mr. Allen as charged. He appeals.

## ANALYSIS

A. Evidence Sufficiency. Mr. Allen challenges the sufficiency of the evidence to establish the elements of second degree burglary. In determining whether sufficient evidence supports a conviction, the standard of review is

"whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *State v. Rempel*, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). A claim of insufficient evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn therefrom. *State v. Wilson*, 71 Wn. App. 880, 891, 863 P.2d 116 (1993), *rev'd on other grounds*, 125 Wn.2d 212, 883 P.2d 320 (1994). The State may establish the elements of a crime either by direct or circumstantial evidence; one type of evidence is not less worthy than the other. *State v. Brooks*, 45 Wn. App. 824, 826, 727 P.2d 988 (1986).

Mr. Allen contends he cannot be guilty of second degree burglary because his entry into the school was lawful. RCW 9A.52.030(1) provides: "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.010(3) defines " 'enters or remains unlawfully' as a person who 'enters or remains unlawfully' in or upon premises when he is not then licensed, invited or otherwise privileged to so enter or remain." Subsection (3) further provides: "A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of a building which is not open to the public."

Neither Washington courts nor the Legislature has addressed whether a public school building is "open to the public" during school hours. Mr. Shaw testified that it was school policy that all individuals must report to the office upon arriving at the school, but he stated it was not against the law to not report in. Mr. Shaw also testified in certain circumstances it may be against the law to enter or remain in a school during school hours. The State does not cite a specific school policy, RCW or WAC to support its assertion that a school building is not open to the public during

school hours. On the other hand, neither has Mr. Allen provided citations to the contrary. In *State v. Brooks*, 741 S.W.2d 920, 923 (Tenn. Crim. App. 1987), the Tennessee Court of Criminal Appeals reversed trespassing convictions on school grounds. Tennessee defined trespass as "unlawfully enter[ing] upon the premises of another." *Id.*; TENN. CODE. ANN. § 39-3-1201. The court dismissed the convictions holding "[w]e are of the opinion the language of this statute is not broad enough to encompass property which is owned and operated by a governmental entity and is open to the public." *Id.* Our case is distinguishable from *Brooks* because there the defendants were merely trespassing on the school's lawn; here, Mr. Allen was not just on the school grounds but beyond the general administrative areas and means of ingress and egress. He was inside one of the classrooms without specific invitation.

RCW 9A.52.010(3) specifically provides that the scope of someone's permission to be in a building can be limited. Mr. Allen may, at best, have had implied permission as a member of the public to enter the school using means of ingress and egress and report to the administrative office. However, he extended the scope of any implied permission by entering the classroom, a place not generally open to the public without prior arrangement. *See State v. Thomson*, 71 Wn. App. 634, 861 P.2d 492 (1993) (defendant had permission to enter his victim's home, but did not have permission to enter her bedroom); *People v. Mackabee*, 214 Cal. App. 3d 1250, 263 Cal. Rptr. 183 (1989) (defendant had permission to enter building's lobby, but not private offices beyond the lobby).

Mr. Allen did not have a license, privilege or invitation to be in Mr. Burke's classroom according to Mr. Burke. The school rules were not followed. Mr. Allen did not have a student in Mr. Burke's class, let alone the entire elementary school. His assertion that he was there to pick up a child named Autumn was demonstratively untrue. The jury could, and apparently did, conclude Autumn was merely a name he saw for the first time in the classroom.

■ Additionally, the State's public interests and policies recognize the care, protection, and safety of children are of the highest order. *See* RCW 26.09.002; RCW 13.24.020. The State mandates children's education. RCW 28A.225.010. When children are in government care for mandatory education, a parens patriae relationship exists. *See* Wash. Const. art. IX, § 1. "[A]nytime the State assumes a parens patriae role over a minor child, then by definition, it owes a duty to that child." *Babcock v. State*, 116 Wn.2d 596, 641, 809 P.2d 143 (1991) (Anderson, J., concurring in part, dissenting in part). We reason Mr. Allen's freedom of movement in a public place, like a school, may be reasonably limited through school policies when necessary for the protection of children just as the movement of children in public surroundings may be regulated for their own protection. RCW 28A.605; *see State v. J.D.*, 86 Wn. App. 501, 506-08, 937 P.2d 630 (1997) for a discussion of balancing these interests. Thus, Mr. Allen's argument he has free access in the public schools is without merit. Therefore, based on the evidence, it can be inferred Mr. Allen's entry was unlawful and since criminal intent is undisputed, the elements of second degree burglary have been met. Accordingly, sufficient evidence exists to support Mr. Allen's conviction.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SCHULTHEIS, C.J., and KATO, J., concur.