[No. 55091-8-I.   Division One.   October 10, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. BERNARD
BELLEROUCHE, *Appellant*.

*Dana M. Lind* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kathy K. Ungerman, Deputy*, for respondent.

¶1 ELLINGTON, J. — Bernard Bellerouche violated a do not trespass notice and was convicted of criminal trespass in the second degree. We reject his contention that because a driveway may be impliedly open to the public, it is therefore not encompassed by a prohibition against entry. We also hold that a second trespass notice was properly admitted as a business record and did not violate Bellerouche's Sixth Amendment right to confrontation. We affirm.

## FACTS

¶2 The Village at the Lake[1] apartment complex is located across the street from Federal Way High School. The complex has an arrangement with the Federal Way Police Department for assistance in contacting trespassers. On March 5, 2004, Federal Way police officer Terry Wilson served Bernard Bellerouche with a permanent notice of trespass that ordered him to stay away from the apartment complex.

¶3 On June 9, Officer Wilson was on duty as a school resource officer at the high school. He received a call from the manager of the Village at the Lake, who reported that three people, believed to be high school students, were on

---

[1] In the record, the apartment complex name is referred to as both the Village at the Lake and as the Village at the Lakes.

the property. Officer Wilson walked through the complex and saw three students on the apartment complex driveway, one of whom was Bernard Bellerouche. Officer Wilson escorted them back to school.

¶4 The King County Prosecutor's Office charged Bellerouche with second degree trespassing. At the juvenile bench trial, the court admitted an exhibit consisting of photocopies of two separate notices to Bellerouche entitled "Permanent Notice of Trespass," each of which specifically forbade Bellerouche from entering the "Village at the Lakes" property. The notices stated, in pertinent part:

> The below named person has been informed that he/she is forbidden to enter the above listed property. To *enter* such property may result in prosecution under RCW 9A.52 and related municipal code section(s). A violation by entry upon the listed property may result in a fine, imprisonment, or both. **THIS NOTICE IS VALID PERMANENTLY**.[2]

Both notices are signed by Bellerouche.

¶5 One of the notices was that served by Officer Wilson on March 5. Officer Wilson testified that, in his capacity as a Federal Way police officer, he keeps blank trespass notices which he fills out as needed, and that his procedure is to give one copy to the individual being excluded, one copy to the relevant property owner, and the "main . . . white sheet gets turned in to the police department."[3] Officer Wilson further testified that trespass notices are routinely kept on file at the police department and that the notices in the exhibit were kept according to the normal standards of the police department.

¶6 The second notice was filled in and served by another officer on April 13, 2004. That officer did not testify, and defense counsel objected to the admission of the April notice on foundation and hearsay grounds. The court overruled the objections and admitted the document as a business record.

---

[2] Ex. 2.

[3] Report of Proceedings (Oct. 5, 2004) at 13.

¶7 The court found that Bellerouche had trespassed on two prior occasions, and that the March notice alone was sufficient to establish that Bellerouche was barred from the premises. The court found Bellerouche guilty of criminal trespass in the second degree.

## DISCUSSION

¶8 *Sufficiency of the Evidence.* In all criminal prosecutions, due process requires that the State prove every fact necessary to constitute the charged crime beyond a reasonable doubt.[4] A reviewing court will not reverse for insufficient evidence unless no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the elements of the crime charged beyond a reasonable doubt.[5]

¶9 A person is guilty of second degree criminal trespass if "he knowingly enters or remains unlawfully in or upon premises of another under circumstances not constituting criminal trespass in the first degree."[6] A person enters or remains unlawfully in or upon premises when "he is not then licensed, invited, or otherwise privileged to so enter or remain."[7] Bellerouche contends the evidence was insufficient to establish trespass because he was on the complex driveway, which he describes as "impliedly open to the public."[8]

¶10 This argument fails. A private property owner may restrict the use of its property so long as the restrictions are not discriminatory.[9] A person's presence may be rendered unlawful by a revocation of the privilege to be

---

[4] *State v. Crediford*, 130 Wn.2d 747, 759, 927 P.2d 1129 (1996).

[5] *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[6] RCW 9A.52.080(1).

[7] RCW 9A.52.010(3).

[8] Appellant's Br. at 6.

[9] *State v. Blair*, 65 Wn. App. 64, 67, 827 P.2d 356 (1992).

there.[10] This right to exclude exists even if the property is otherwise open to the public.[11] In *State v. Kutch*,[12] for example, violation of a notice banning defendant from a shopping mall for one year satisfied the unlawful entry element for a subsequent burglary charge.

¶11 Bellerouche bases his argument on search and seizure cases. He points out that police officers approaching a residence to investigate suspected criminal activity may look for evidence in areas that are impliedly open to the public, such as driveways.[13]

¶12 But these cases have no application here. Bellerouche was not a police officer on official business, and unlike the officers in these cases, Bellerouche had been served with a notice to stay off the property in question.

¶13 The trespass notices served on Bellerouche clearly excluded him from the Village at the Lake property. Whether or not its driveway may be impliedly open to the public for some other purpose, it was not open to Bellerouche. There was ample evidence for a rational trier of fact to find Bellerouche guilty of criminal trespass in the second degree.

¶14 *Admission of the Trespass Notice.* Relying on *Crawford v. Washington*,[14] Bellerouche contends his Sixth Amendment right to confront witnesses against him was violated when the trial court admitted the second trespass notice in the absence of testimony from the officer who issued it. Under *Crawford*, business records are specifically identified as nontestimonial hearsay that does not implicate the Sixth Amendment.[15] Business records are not

---

[10] *State v. Collins*, 110 Wn.2d 253, 258, 751 P.2d 837 (1988).

[11] *See State v. McDaniels*, 39 Wn. App. 236, 240, 692 P.2d 894 (1984).

[12] 90 Wn. App. 244, 248-49, 951 P.2d 1139 (1998).

[13] *See, e.g., State v. Gave*, 77 Wn. App. 333, 890 P.2d 1088 (1995).

[14] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

[15] *Id.* at 56.

prepared with an eye towards trial and are not the functional equivalent of testimony.[16]

¶15 Bellerouche argues, however, that the trespass notice is testimonial because one purpose of the notice is to provide proof, at a later trial, that the accused knew his presence on the property was forbidden. This is true, but does not render the notice testimonial. First, the proof of knowledge is found chiefly in the signature of the accused on the notice, and nothing in *Crawford* suggests the defendant's own acknowledgements are inadmissible against him. Second, the notice is also a record kept in the normal course, even though it may later be necessary evidence in a trial. Many business records have the same ultimate possible use, but this does not destroy their status as business records. A trespass notice is not the functional equivalent of testimony and may be admitted as a business record.

¶16 Police reports may be business records.[17] Bellerouche does not contend the second trespass notice did not qualify as a business record under RCW 5.45.020. Nor does he argue it suffered from any sufficiency of foundation or authentication.

¶17 Here, Officer Wilson testified that the April notice was filed, kept, and accessed in accordance with the routine record keeping procedures of the Federal Way Police Department. This was sufficient foundation for its status as a business record,[18] and the court did not abuse its discretion in admitting it as such.

---

[16] *See id.* at 52.

[17] *State v. Iverson*, 126 Wn. App. 329, 339-40, 108 P.3d 799, 803 (2005) (jail booking records admissible as business records where witnesses were familiar with the booking system and used it to record data in the regular course of business); *see also State v. Ecklund*, 30 Wn. App. 313, 319 n.4, 633 P.2d 933 (1981) ("The prevailing position . . . is that police reports are admissible if the report is made in the regular course of police business and it is the regular course of police business to keep such a report.").

[18] "[W]here 'the trial court is satisfied that sufficient testimony has been adduced regarding the manner in which certain records have been kept and that their identity has been properly established in compliance with the act, no objection on the ground of hearsay can be entertained.'" *Iverson*, 126 Wn. App. at 338 (quoting *Cantrill v. Am. Mail Line, Ltd.*, 42 Wn.2d 590, 607-08, 257 P.2d 179 (1953)).

¶18 Finally, even if the admission of the disputed notice was error, any error was harmless beyond a reasonable doubt because the untainted evidence was so overwhelming that it necessarily leads to a finding of guilt.[19] As the court observed, the notice served and testified to by Officer Wilson was sufficient to establish Bellerouche's guilt. The second notice was redundant.

¶19 Finding no error, we affirm Bellerouche's conviction.

Cox , C.J., concurs.[20]

---

[19] *State v. Lane*, 125 Wn.2d 825, 840, 889 P.2d 929 (1995).

[20] Judge Kennedy, the third member of the panel, died on September 16, 2005. She had indicated her concurrence prior to her death.