2014 JUL 21  AM 9:49


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70426-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JAHAD V.D. HILL, | ) | |
| B.D. 4/18/95, | ) | |
| | ) | FILED: July 21, 2014 |
| Appellant. | ) | |
| | ) | |

LEACH, J. — Jahad Hill appeals his juvenile adjudication for criminal trespass in the first degree. He argues that the State's evidence was insufficient and that the admission of testimonial hearsay violated his right of confrontation. We affirm.

## FACTS

On September 22, 2012, a security guard at The Commons, a Federal Way shopping mall, received information that Hill and three other juveniles were suspected of shoplifting from the American Eagle store. The guard followed the juveniles as they left the mall and used his radio to notify Federal Way Police Officer Richard Adams, who is assigned to patrol the mall. Officer Adams approached the group and told them to stop. Hill immediately began to run. Officer Adams placed Hill under arrest for obstruction. After Officer Adams read

Hill his Miranda[1] rights, Hill admitted that he had been inside the mall but denied stealing from the American Eagle store. Officer Adams checked the police department's computer system and discovered that Hill had been issued a "permanent trespass notice" on two prior occasions, once in 2009 and once in 2011, prohibiting him from entering the mall. Hill then admitted that he knew that he was prohibited from entering the mall. He also admitted to giving a false name when he received the trespass notice in 2011. The State charged Hill with one count of criminal trespass in the first degree.

At trial, Officer Adams testified that he had issued Hill the trespass notice in 2009 for "stealing at Sears and several other stores." When asked whether he remembered the circumstances surrounding the 2009 trespass notice, Officer Adams stated that he did not have any personal recollection "[o]ther than that he was arrested for theft and that he had been identified as stealing from several stores." Hill did not object to this testimony. Officer Adams did not issue the 2011 trespass notice and did not have personal knowledge of the underlying circumstances.

Following a fact-finding hearing, the trial court found Hill guilty as charged. Hill appeals.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

## DISCUSSION

Sufficiency of the Evidence

Sufficient evidence supports an adjudication of guilt in a juvenile proceeding if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[2] All reasonable inferences from the evidence must be drawn in favor of the State and against the defendant.[3] We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.[4]

"In reviewing a juvenile court adjudication, we must decide whether substantial evidence supports the trial court's findings of fact and, in turn, whether the findings support the conclusions of law."[5] We review conclusions of law de novo.[6]

A person commits criminal trespass in the first degree if the person knowingly enters or remains unlawfully in a building.[7] A person "enters or remains unlawfully" in or upon premises when he or she is not licensed, invited,

---

[2] State v. Echeverria, 85 Wn. App. 777, 782, 934 P.2d 1214 (1997).
[3] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
[4] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).
[5] State v. B.J.S., 140 Wn. App. 91, 97, 169 P.3d 34 (2007).
[6] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006).
[7] RCW 9A.52.070.

or otherwise privileged to so enter or remain.[8]  However, it is a defense to criminal trespass if "[t]he premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises."[9]  "Once a defendant has offered some evidence that the entry was permissible under a statutory defense, the State bears the burden to prove beyond a reasonable doubt that the defendant lacked license to enter."[10]  Because this defense challenges the sufficiency of the State's evidence, a defendant may raise it for the first time on appeal.[11]

Here, the record includes evidence sufficient to support the trial court's adjudication.  Hill had been notified on two separate occasions that he was permanently prohibited from entering the mall.  Following a valid waiver of his Miranda rights, Hill admitted that he had entered the mall in violation of the trespass notices.  Because the trespass notices revoked Hill's license to enter the mall, his entry to the mall was unlawful.

Citing State v. Green[12] and State v. R.H.,[13] Hill contends that the State must prove more than the defendant's exclusion from the property; rather, it must

---

[8] RCW 9A.52.010(5).
[9] RCW 9A.52.090(2).
[10] State v. Green, 157 Wn. App. 833, 844, 239 P.3d 1130 (2010) (citing City of Bremerton v. Widell, 146 Wn.2d 561, 570, 51 P.3d 733 (2002)).
[11] State v. R.H., 86 Wn. App. 807, 811, 939 P.2d 217 (1997).
[12] 157 Wn. App. 833, 239 P.3d 1130 (2010).

prove that the exclusion was lawful. In other words, argues Hill, the State must prove that he stole from mall stores in 2009.

In Green, a school district issued the defendant a trespass notice prohibiting her from going to her child's elementary school except under very limited circumstances.[14] The district asserted as the basis for the trespass notice the defendant's alleged disruptive behavior at the school's curriculum night and disregard of a staff member's instructions in the school parking lot.[15] At trial, an attorney for the school district testified to the reasons for the trespass notice but admitted he had no personal knowledge of the underlying events.[16] Over the defendant's hearsay objection, the trial court admitted this testimony to explain the school's reason for issuing the trespass notice but not to prove the alleged disruptions occurred.[17] The defendant testified that she had not been disruptive.[18] Because there was no competent testimony to establish that the school district had any factual basis for revoking the defendant's statutory right to access her child's school, this court held that the State failed to prove the lawfulness of the trespass notice.[19] This court reversed the trespass conviction.[20]

---

[13] 86 Wn. App. 807, 939 P.2d 217 (1997).
[14] Green, 157 Wn. App. at 838-40.
[15] Green, 157 Wn. App. at 842.
[16] Green, 157 Wn. App. at 852.
[17] Green, 157 Wn. App. at 852.
[18] Green, 157 Wn. App. at 842-43.
[19] Green, 157 Wn. App. at 852.

In R.H., a restaurant manager told several youths skateboarding and loitering in the restaurant parking lot to leave, but they did not comply.[21] R.H. was not part of this group; he arrived at the restaurant later by skateboard to wait for a friend and eat at the restaurant.[22] At the manager's request, a police officer told all of the youths, including R.H., that they would be arrested for criminal trespass if they did not leave.[23] R.H. did not believe he was required to leave because he planned to be a customer at the restaurant.[24] When he did not leave, he was arrested and charged with criminal trespass.[25] The evidence at trial established that R.H. repeatedly told the arresting officer he was waiting for another customer and that if R.H. had been planning to eat at the restaurant, he had permission to be on the premises.[26] This court held that the State failed to prove R.H.'s presence was unlawful because he had complied with "'all lawful conditions imposed on access.'"[27]

Green and R.H. are distinguishable. To require the State to prove a lawful basis for the trespass notice, Hill must present "some evidence" that he complied

---

[20] Green, 157 Wn. App. at 853.
[21] R.H., 86 Wn. App. at 808.
[22] R.H., 86 Wn. App. at 808-09.
[23] R.H., 86 Wn. App. at 809.
[24] R.H., 86 Wn. App. at 809.
[25] R.H., 86 Wn. App. at 810.
[26] R.H., 86 Wn. App. at 811.
[27] R.H., 86 Wn. App. at 812 (quoting RCW 9A.52.090(2)).

with lawful conditions imposed on his access to the mall. The defendants in Green and R.H. both asserted that they had not engaged in the behavior alleged as the basis for the trespass notice. In contrast, Hill presented no such evidence. The burden did not shift to the State to establish a lawful basis for the trespass notice.

Moreover, Officer Adams testified that Hill "was arrested for theft and . . . had been identified as stealing from several stores." Hill did not object to the statement. The record is unclear whether Officer Adams had personal knowledge of these events. But, by challenging the sufficiency of the State's evidence, Hill has necessarily admitted the truth of Officer Adams's testimony. Based on this evidence, a rational trier of fact could have found a lawful basis for the trespass notice.

Confrontation Clause

The confrontation clauses of the state and federal constitutions guarantee the right of an accused to confront witnesses against him or her.[28] Admission of testimonial hearsay violates a defendant's right of confrontation unless the witness is unavailable and the defendant had an earlier opportunity to cross-

---

[28] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

examine about the statement.[29] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[30] This court reviews confrontation clause challenges de novo.[31]

Hill argues that Officer Adams provided testimonial hearsay when he testified that Hill received a trespass notice in 2009 for stealing from mall stores. But Hill does not show that Officer Adams repeated any out-of-court statements of others. Neither the State nor Hill questioned Officer Adams as to the basis of his knowledge that Hill had stolen merchandise or was arrested. Testimony based on one's personal knowledge is not hearsay.[32] Thus, because Hill does not show that Officer Adams testified to something about which he lacked personal knowledge, Hill fails to show a violation of his confrontation right.

Moreover, Hill did not object to the testimony or assert his right to confrontation below. A defendant must raise a confrontation clause claim at or

---

[29] Crawford v. Washington, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).
[30] ER 801(c).
[31] State v. Koslowski, 166 Wn.2d 409, 417, 209 P.3d 479 (2009).
[32] State v. Simmons, 63 Wn.2d 17, 22, 385 P.2d 389 (1963).

before trial to preserve this issue for appellate review. Hill waived any right of confrontation by failing to timely assert it.

Affirmed.

_____ Leach, J.

WE CONCUR:

_____ Spearman, C.J.     _____ Dwyer, J.