IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34399-5-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TREVOR R. MCCLURE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Trevor McClure challenges his conviction for first degree escape, arguing that there was insufficient evidence that he was "in custody" at the time of the offense. We affirm.

## FACTS

Mr. McClure was given a residential Drug Offender Sentencing Alternative (DOSA) following conviction for possession of a controlled substance. A warrant issued when he failed to comply with the terms of the sentence. He was arrested on the warrant and brought to court on September 25, 2015.

The trial judge found Mr. McClure in violation of the terms of the sentence and sentenced him to 18 days of confinement, with credit for the 16 days served. He also was ordered to re-enter inpatient drug treatment at American Behavioral Health Systems

(ABHS) upon completing his term of confinement at the jail. On September 27, Mr. McClure was released from the jail with his belongings to the ABHS transport van along with two other inmates. When the van arrived at the ABHS treatment facility, Mr. McClure and one of the other passengers fled without entering the building.

A charge of first degree escape was filed and the matter proceeded to jury trial. The bus driver could not identify Trevor McClure, but did testify that two of the three passengers he drove to the facility fled rather than enter the building. The ABHS transportation supervisor testified, after an unsuccessful hearsay objection, that no one named Trevor McClure entered into treatment on or after September 27, 2015. Community Corrections Officer (CCO) Tonya Wick testified that she knew Mr. McClure and identified him as the person in the courtroom. She also testified, over objection, that she had been advised that Mr. McClure did not report for treatment at ABHS.

At the conclusion of the State's case, the defense moved to dismiss for insufficient evidence, raising several different arguments. The trial court denied the motion and the defense rested without calling any witnesses. The jury found Mr. McClure guilty as charged. He timely appealed to this court.

## ANALYSIS

In this appeal, Mr. McClure reprises the arguments made in his motion to dismiss. Specifically, he contends that the evidence was insufficient because it did not establish that he was "in custody" when he was transported to ABHS. He also challenges the

2

court's rulings on his hearsay objections. We first address the sufficiency claim before turning to the evidentiary argument.

*Sufficiency of the Evidence*

A person commits first degree escape if he "knowingly escapes from custody or a detention facility while being detained pursuant to a conviction of a felony." RCW 9A.76.110(1). In reviewing an evidentiary sufficiency challenge on appeal, the question presented is whether there is sufficient evidence to support the determination that each element of the crime was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.* at 221. Credibility determinations are for the trier of fact and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The term custody is defined as "restraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew." RCW 9A.76.010(2). In turn, restraint means an "'act of restraining, hindering, checking, or holding back from some activity or expression,'" or a "means, force, or agency that restrains, checks free activity, or otherwise controls." *State v. Ammons*, 136 Wn.2d 453, 457, 963 P.2d 812 (1998) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1937 (1986)).

3

Mr. McClure presents several arguments why he was not "in custody" in an effort to distinguish his case from *Ammons* and *State v. Breshon*, 115 Wn. App. 874, 63 P.3d 871 (2003). He posits that he had served his 18-day sanction and that he was no longer in custody when sent to ABHS. He also argues that neither the ABHS transportation bus nor the treatment facility were detention facilities. The latter contentions are irrelevancies in this action since the jury was never asked to find that Mr. McClure escaped from a detention facility. Instruction 9 informed the jury: "Custody means restraint pursuant to a lawful arrest or an order of a court or any period of service on a work crew." Clerk's Papers at 33. The theory of this case was that Mr. McClure was under the order of the court to report to ABHS on September 27, 2015, and failed to do so, resulting in a first degree escape.

*Ammons* and *Breshon* support that theory. In *Ammons*, the defendants were convicted of first degree escape for failing to report to a work crew; they defended on the basis that they were not in custody while at work crew. 136 Wn.2d at 454-456. The court disagreed and determined that the defendants were "in custody" both pursuant to a court order and by the assignment to the work crew. *Id.* at 460. *Breshon* involved the question of whether defendants ordered to report to a drug treatment facility were "in custody" despite a failure to report to the facility. 115 Wn. App. at 876-877. Division Two of this court concluded that the defendants were "in custody" pursuant to the court order to report to the treatment facility. *Id.* at 878-879.

*Breshon* is factually on point and controls the argument here. Mr. McClure, however, argues that the record and order at issue in *Breshon* contained several features not present in this case, which he contends makes his case no different than a failure to comply with sentence conditions. He reads too much into the *Breshon* discussion. There the court was addressing arguments presented by the *Ammons* dissent that were being used to attempt to limit the scope of the *Ammons* holding. *Id.* at 879-881. *Breshon* rejected the arguments while pointing out the notice given to the defendants concerning the risk of first degree escape charges. *Id.* at 880. It restated the *Ammons* holding:

> In any event, the majority did not require a detention separate from the restriction of freedom imposed by being in custody, even if that was custody from restraint arising from a court order. We, therefore, reject the argument that Breshon and Simmons were not detained because they were not at least partially confined.

*Id.*

Similarly here, Mr. McClure was ordered to enter ABHS on September 27, 2015. He was released from jail to the ABHS transport for that express purpose. He was under the restraint of the court order limiting his freedom to do anything other than report to ABHS that day. Accordingly, these circumstances demonstrate that he was in custody when deposited at the door to the ABHS facility. His refusal to enter and flight therefrom was sufficient evidence to establish that he escaped from "custody" and, therefore, supported the jury's determination that he had committed first degree escape.

The evidence was sufficient to support the jury's determination.

*Evidentiary Rulings*

Mr. McClure also argues that the trial court erred in admitting alleged hearsay testimony, thus rendering the evidence of identity insufficient to support the conviction. The trial court did not abuse its discretion in admitting the evidence.[1]

Familiar rules govern our review of this issue. Trial court rulings relating to the admission of evidence are reviewed for abuse of discretion. *State v. Thomas*, 150 Wn.2d 821, 856, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Wash.*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, ABHS transportation and admissions manager Shelia Norris testified that she had not been working on September 27, 2015, but received e-mail notice from the lead driver that multiple patients had failed to report to the facility. She also testified that ABHS needed to report to funding agencies whether a patient reported or not. The

---

[1] Even if we had agreed that the trial court erred in admitting the challenged testimony, Mr. McClure's remedy would be a new trial, not dismissal of charges. *E.g.*, *State v. Hudlow*, 182 Wn. App. 266, 270-271, 331 P.3d 90 (2014). In the case on which he relies, the hearsay evidence at issue was admitted for a limited purpose, but was improperly used on appeal as the sole substantive evidence supporting one element of the offense. *State v. Green*, 157 Wn. App. 833, 852, 239 P.3d 1130 (2010). When the challenged evidence was considered only for its proper purpose, there was no other evidence on the element of the crime and dismissal was proper. *Id.* at 852-853. This situation is far different. The evidence admitted here did suffice. If it had been admitted in error, the remedy would be a retrial, not dismissal. *Hudlow*, 182 Wn. App. 266.

defense raised a hearsay objection to the question of whether she knew if Mr. McClure had reported to the facility. The trial judge overruled the objection, stating that it was "a basis-of-knowledge question." Report of Proceedings (RP) at 138. She then stated, without further objection, that she remembered he had not reported. *Id.*

The trial court correctly identified that the proper objection would have been "basis of knowledge" (or "foundation") since the question asked for the witness to identify if she had the knowledge requested.[2] Understandably, counsel did not pursue this direction when the court correctly overruled the objection. It did not call for a hearsay answer.[3]

Appellant also contends that the CCO, Ms. Wick, was erroneously allowed to provide a hearsay answer ("I was told he did not arrive") to the question "do you know if he arrived at ABHS?" RP at 151-152. As he notes in his briefing, the trial judge overruled the answer on the basis that the evidence was already properly admitted at trial.

---

[2] The basis of that knowledge was the e-mail she had received from one of her subordinates in the course of her work. If a foundation objection had been raised, then Ms. Norris would have explained, in accordance with the business records foundation requirements, how and why ABHS documented a failure to report and to whom the information was conveyed.

[3] Arguably, the answer given to the following question both exceeded the scope of the question asked ("do you remember") and contained hearsay ("he did not arrive"), but proper foundation and hearsay objections would still have led to correct, admissible answers: (1) "yes," she did remember; and (2) an explanation for her basis of knowledge (the business records). For the reasons stated above, defense counsel understandably would not pursue the topic and permit Ms. Norris to provide more fully informed testimony.

7

While the court's ruling probably should have been coupled with a limiting instruction telling the jury that the answer, as phrased, was admitted on the basis of Ms. Norris' testimony and not as independent proof of that fact, the question was one that Ms. Wick could properly have answered based on the respective business records since Ms. Norris already had testified that ABHS had the practice of notifying the funding agency when someone did not report.

Since the evidence was properly before the court through Ms. Norris, any cumulative repetition of the evidence through Ms. Wick was not prejudicial error. *State v. Todd*, 78 Wn.2d 362, 372, 474 P.2d 542 (1970) (improper admission of cumulative evidence not prejudicial). Accordingly, we cannot say that the trial court abused its discretion in permitting the answer to stand as given.

The evidence of identity was sufficient. The arresting officer and Ms. Wick both identified the man in the courtroom as Trevor McClure, a person each knew. Ms. Wick tied together the documentary evidence for the jury by her testimony that Mr. McClure was on her caseload and was required to report to ABHS on September 27, 2015. Ms. Norris properly testified that ABHS records demonstrated that Mr. McClure did not report that day nor any day thereafter. The State did not need to prove that Mr. McClure actually signed the court order. It provided direct and circumstantial evidence that he was the person named in the order and that the named person did not report to ABHS.

No. 34399-5-III
*State v. McClure*

The "hearsay" evidence was properly admitted. The evidence also supported the jury's determination that Mr. McClure did not report to ABHS as required and was guilty of first degree escape.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Siddoway, J.

9