[No. 28730-1-III.   Division Three.   March 3, 2011.]

KOURTNEY SCHEIB, *Respondent*, v. CHRISTOPHER CROSBY, *Appellant*.

Gary R. Stenzel (of Gary R. Stenzel PS), for appellant.
Robert M. Seines, for respondent.

¶1 BROWN, J. — Christopher Crosby appeals a domestic violence protection order issued to protect Kourtney Scheib. He contends the trial court erred in treating this action under the Domestic Violence Protection Act (DVPA), chapter 26.50 RCW, as a special proceeding not governed by the civil rules for superior court. Therefore, he contends the trial court erred in discretionarily denying his request for a continuance to depose Ms. Scheib. We disagree with his contentions. Accordingly, we affirm.

## FACTS

¶2 Ms. Scheib and Mr. Crosby began a relationship in 2009. Ms. Scheib became pregnant by Mr. Crosby later that year. For a time, Ms. Scheib lived at Mr. Crosby's parents' home but decided to leave in October 2009 and return to her parents' home. Ms. Scheib testified that Mr. Crosby's mother drove her to the Spokane transit center to meet her mother. Mr. Crosby accompanied them. While Ms. Scheib waited for her mother, Mr. Crosby tried talking to Ms. Scheib. Ms. Scheib told him to leave her alone several times without success, and he trailed after her. Eventually, he crossed the street and watched until Ms. Scheib's mother picked her up. Ms. Scheib explained that she interpreted this as "stalking," and said she was frightened by Mr. Crosby's actions.

¶3 After moving back home, Ms. Scheib petitioned pro se in district court for a domestic violence protection order against Mr. Crosby. After granting the temporary order, the court issued a notice of proceeding on November 16, 2009 and set a hearing date for November 25. Mr. Crosby was served notice on November 23. Mr. Crosby hired counsel and appeared at the November 25 hearing and asked for a continuance to depose Ms. Scheib. Mentioning Ms. Scheib's pregnancy, he asked to transfer the matter to superior court. Without ruling on the deposition or transfer but reasoning that Mr. Crosby received late notice of the hearing, the district court reissued the temporary protection

order and set a new date for the hearing in district court for December 8, 2009. Mr. Crosby's attorney immediately mailed a notice of deposition to Ms. Scheib for December 4, 2009. After coordinating efforts failed, Ms. Scheib did not attend the scheduled deposition.

¶4 At the December 8 hearing, the district court judge transferred the case to the superior court and required the parties to appear that day on the ex parte docket in superior court. In the superior court, Mr. Crosby's counsel unsuccessfully requested a continuance to depose Ms. Scheib. The judge concluded no right existed to depose a witness on a domestic violence protection order without permission from the court. The court reasoned the action was not a civil lawsuit governed by the civil rules, implicitly concluding the DVPA matter was a special proceeding. The superior court proceeded with a full permanent protection order hearing with both parties being examined and cross-examined. Ms. Scheib's mother also testified. The testimony produced the events described above. After closing arguments, the court granted the permanent protection order. Mr. Crosby appealed.

## ANALYSIS

### DVPA Special Proceedings

¶5 The issue is whether the trial court erred when it treated this matter as a special proceeding under the DVPA not governed by the civil rules. Mr. Crosby contends the trial court erred in denying a continuance to permit him to take Ms. Scheib's deposition.

¶6 Preliminarily, Mr. Crosby failed to assign error to the trial court's findings of fact, making them verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

¶7 While Mr. Crosby did not assign error to the trial court's specific conclusions of law, he did assign error generally to the trial court's ultimate conclusions. Conse-

quently, the omission is no bar to review the determinative legal issues. *Johnson v. Kittitas County*, 103 Wn. App. 212, 216, 11 P.3d 862 (2000).

¶8 In criminal and civil matters, the decision to deny a continuance is reviewed for an abuse of discretion. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004); *MacKay v. MacKay*, 55 Wn.2d 344, 348, 347 P.2d 1062 (1959). Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). "A trial court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

¶9 When an action turns on the correct interpretation of a statute, the standard of review is de novo. *Johnson*, 103 Wn. App. at 216. The purpose of statutory interpretation is to effectuate the legislature's intent. *Hubbard v. Dep't of Labor & Indus.*, 140 Wn.2d 35, 43, 992 P.2d 1002 (2000). Absent ambiguity, we rely on the statute's language alone. *State v. Azpitarte*, 140 Wn.2d 138, 142, 995 P.2d 31 (2000). But, if a statute is ambiguous, we will resort to principles of statutory construction, legislative history, and relevant case law to assist in interpreting it. *State v. Watson*, 146 Wn.2d 947, 955, 51 P.3d 66 (2002). Chapter 26.50 RCW is silent on what procedural rules apply under the DVPA, but reading the DVPA as a whole and applying extrinsic aids, it is apparent that this is a special proceeding not governed by the civil rules.

¶10 A principle of statutory construction is to avoid interpreting statutes to create conflicts between different provisions, so as to achieve a harmonious statutory scheme. *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 585, 192 P.3d 306 (2008). Mr. Crosby argues the civil rules apply because DVPA actions can be consolidated with chapter 26.09 RCW actions. RCW 26.50.025. Ms. Scheib responds that "statutes must not be construed in a manner that renders any portion thereof meaningless or superflu-

ous." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 809, 16 P.3d 583 (2001). Ms. Scheib points to RCW 26.50.123(2), which provides, "Proof of service under this section shall be consistent with court rules for civil proceedings" to assert that language would be rendered superfluous if the civil court rules applied generally to the whole chapter. She also points to ER 1101(c)(4), which provides that the rules of evidence need not be applied to DVPA proceedings, for support that DVPA actions are special proceedings.

¶11 Superior Court Civil Rule 81 (CR 81) partly states that civil court rules shall govern all civil proceedings "[e]xcept where inconsistent with rules or statutes applicable to special proceedings," and that otherwise, the civil court rules "supersede all procedural statutes and other rules that may be in conflict." The term "special proceedings" is not defined. Case law provides guidance.

¶12 Sexually violent predator actions are special proceedings, *see In re Detention of Williams*, 147 Wn.2d 476, 488, 55 P.3d 597 (2002), as are will contests, *In re Estate of Kordon*, 157 Wn.2d 206, 137 P.3d 16 (2006); actions under the Administrative Procedure Act, chapter 34.05 RCW, *King County Water Dist. No. 90 v. City of Renton*, 88 Wn. App. 214, 944 P.2d 1067 (1997); garnishment proceedings, *Snyder v. Cox*, 1 Wn. App. 457, 462 P.2d 573 (1969); and unlawful detainer actions, *Christensen v. Ellsworth*, 162 Wn.2d 365, 173 P.3d 228 (2007). In *Putman v. Wenatchee Valley Medical Center, PS*, 166 Wn.2d 974, 982, 216 P.3d 374 (2009), the court defined special proceedings as solely proceedings created or completely transformed by the legislature, including "actions unknown to common law (such as attachment, mandamus, or certiorari), as well as those where the legislature has exercised its police power and entirely changed the remedies available (such as the workers' compensation system)."

¶13 Ms. Scheib reasons RCW 26.50.030 supports her argument that DVPA protection orders are special proceedings because the legislature established them as a distinct form of action. Ms. Scheib points to four cases: *Spence v.*

*Kaminski*, 103 Wn. App. 325, 12 P.3d 1030 (2000); *State v. Karas*, 108 Wn. App. 692, 700, 32 P.3d 1016 (2001) (citing *Spence*, 103 Wn. App. at 335); *Gourley v. Gourley*, 158 Wn.2d 460, 469, 145 P.3d 1185 (2006) (citing *Karas*, 108 Wn. App. at 699-700); and *Blackmon v. Blackmon*, 155 Wn. App. 715, 722, 230 P.3d 233 (2010) (citing *Gourley*, 158 Wn.2d at 467). Each case dealt with DVPA constitutionality; the statutory procedures for domestic violence protection orders satisfy "the inherently flexible demands of procedural due process." *Karas*, 108 Wn. App. at 700; *see also Spence*, 103 Wn. App. at 335; *Gourley*, 158 Wn.2d at 468-69; *Blackmon*, 155 Wn. App at 722-23.

¶14 The purpose of DVPA proceedings is to prevent domestic violence. *Spence*, 103 Wn. App. at 335; *Karas*, 108 Wn. App. at 700; *Gourley*, 158 Wn.2d at 468; *Blackmon*, 155 Wn. App. at 722. In *Karas*, Division Two of this court noted "that the Act does not preclude a party from seeking discovery." *Karas*, 108 Wn. App. at 699. But we conclude discovery is left to the trial court's discretion.

¶15 The *Putman* court held medical malpractice suits do not qualify as special proceedings because "[w]hile the legislature has made some changes to medical malpractice claims, it has not extinguished the common law action and replaced it with a statutory remedy." *Putman*, 166 Wn.2d at 982. It compared the workers' compensation act, which " 'took away from the workman his common-law right of action for negligence' " and " '[i]n its place it provided for industrial insurance,' " thereby " 'creating the right of the workman to compensation' " from the workers' compensation fund. *Id.* (alteration in original) (quoting *Lane v. Dep't of Labor & Indus.*, 21 Wn.2d 420, 428, 151 P.2d 440 (1944)). Here, the DVPA replaces the common law injunction to the extent that domestic violence protection becomes an adjunct of the common law injunction with the statutory remedy of a domestic violence protection order.

¶16 Given all, we hold DVPA protection orders are special proceedings. Thus, the trial court retained the inherent authority and discretion to decide the nature and

extent of any discovery under the DVPA. Therefore, the trial court did not err in denying Mr. Crosby's discovery request because he fails to show an abuse of discretion.

## Attorney Fees

¶17 Ms. Scheib requests attorney fees under RCW 26.50.060(1)(g). Attorney fees may be awarded when authorized by a contract, statute, or recognized ground in equity. *Mellor v. Chamberlin*, 100 Wn.2d 643, 649, 673 P.2d 610 (1983). Mr. Crosby argues a request for attorney fees cannot be raised for the first time on appeal, citing *In re Marriage of Freeman*, 146 Wn. App. 250, 192 P.3d 369 (2008), *aff'd*, 169 Wn.2d 664, 239 P.3d 557 (2010). But *Freeman* is distinguishable because intransigence was the basis for the fee request and that was not presented below. *Id.* at 259. Here, the basis for the fee request is statutory and limits her request to appellate fees. If attorney fees are allowable at trial, the prevailing party may recover fees on appeal. RAP 18.1; *see also Landberg v. Carlson*, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). Ms. Scheib is represented on appeal; we grant her appellate fees.

¶18 Affirmed.

KULIK, C.J., and SWEENEY, J., concur.