**FILED**
**MAY 12, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ESMERALDA CHAVEZ OCHOA, | ) | No. 36341-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VICTOR OCHOA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Victor Ochoa appeals from a domestic violence protection order (DVPO). Finding no error, we affirm.

## FACTS

Esmeralda Chavez Ochoa petitioned for a DVPO against her then spouse, Victor Ochoa, in May 2018. A hearing on the petition was continued twice at the request of the parties. The final hearing was ultimately scheduled for late August 2018.

Prior to the final hearing, counsel for Mr. Ochoa attempted to obtain witness names and contact information from Ms. Ochoa's attorney. This effort was only partially successful. Ms. Ochoa's attorney provided a witness list, but not contact information.

Although Mr. Ochoa was dissatisfied by this lack of response, he did not move for an order compelling disclosure of the contact information.

The parties and counsel appeared in court for the August hearing. Also present were the witnesses previously identified by Ms. Ochoa's attorney.

At the beginning of the hearing, counsel for Mr. Ochoa brought up the fact that he had not been provided witness contact information. According to counsel for Mr. Ochoa, this omission was a discovery violation that deprived Mr. Ochoa of his right to due process. Counsel for Mr. Ochoa requested two remedies: (1) the witnesses disclosed by Ms. Ochoa be excluded from testifying, and (2) Ms. Ochoa's testimony be limited to the allegations recited in her DVPO petition. The trial court denied both requests.

After the trial court's ruling, the parties requested a brief recess. When the proceedings resumed, the parties informed the court they agreed to a stipulated trial on the petition. No witnesses were called and the court did not consider information outside the scope of Ms. Ochoa's original DVPO petition. The court reviewed the contents of the petition out loud and then found Mr. Ochoa "engaged in acts of domestic violence against his wife and . . . children." Report of Proceedings (Aug. 23, 2018) at 13. The trial court granted the DVPO with a limited exception to accommodate Mr. Ochoa's work.

Mr. Ochoa appeals.

No. 36341-4-III
*Ochoa v. Ochoa*

ANALYSIS

*As a preliminary matter, Mr. Ochoa's claims are barred from review*

Mr. Ochoa claims he is entitled to relief on appeal based on the trial court's denial of his prehearing motion to exclude witnesses and limit the scope of Ms. Ochoa's evidence. We disagree. Given the parties' stipulation, the trial court never heard from any witnesses or considered any evidence outside the scope of the petition. As a result, Mr. Ochoa did not suffer any prejudice from the trial court's rulings that can be remedied on appeal.[1] Without prejudice, relief from a civil judgment is unwarranted. *Brown v. Spokane County Fire Prot. Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983) ("[E]rror without prejudice is not grounds for reversal.").

Even if we were to reach the merits of Mr. Ochoa's claims, we would still affirm the trial court's judgment.

*Mr. Ochoa was not deprived of his due process rights*

There is no general due process right to witness contact information or prehearing interviews. *See Agranoff v. Jay*, 9 Wn. App. 429, 433-34, 512 P.2d 1132 (1973); *United*

_____

[1] We note that, by agreeing to a stipulated facts trial, Mr. Ochoa was not required to waive his right to challenge the adequacy of Ms. Ochoa's evidence or to present responsive evidence. *See State v. Mierz*, 127 Wn.2d 460, 469, 901 P.2d 286 (1995) ("A stipulated facts trial is still a trial . . . . The burden of proof remains upon the [petitioner], and the [respondent] may offer evidence and cross-examine the [petitioner's] witnesses.").

3

*States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1980), *overruled on other grounds by Luce v. United States*, 469 U.S. 38, 40 n.3, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). In some contexts, parties enjoy rule-based rights to the names and contact information of witnesses. *See, e.g.*, CR 26(b)(1) (witnesses with general knowledge of discoverable matters); CR 26(b)(5)(A)(i) (expert witnesses); CrR 4.7(a)(1)(i), (b)(1) (witnesses testifying at hearing or trial). But no such right exists under the Domestic Violence Protection Act (DVPA), chapter 26.50 RCW. DVPA proceedings are special proceedings "not governed by the civil rules." *Scheib v. Crosby*, 160 Wn. App. 345, 350, 249 P.3d 184 (2011). Under the DVPA, there is no automatic right to discovery. Instead, the availability of discovery is left to the broad discretion of the trial court. *Id*. at 352-53.

Here, Mr. Ochoa never asked the trial court to authorize discovery or facilitate the disclosure of witness information. As a result, discovery was never required and Mr. Ochoa is not entitled to relief.

*The scope of a DVPO hearing is not tightly limited to the petition*

Mr. Ochoa claims RCW 26.50.030(1) requires evidence presented at a DVPO hearing to be limited to the allegations set forth in a DVPO petition. We disagree. Section .030 addresses the required contents of a DVPO *petition*. It is not concerned with the contents of a post-petition hearing. No statute or court rule limits the scope of evidence that can be introduced in support of a petition. While a party to a DVPO hearing may

4

sometimes have a legitimate objection to a particular piece of evidence or testimony based on relevance or lack of notice, such matters can only be addressed in context, as they occur. Here, no such analysis is possible. Given the parties' stipulation, there was no variance between the contents of the petition and the proof presented at the hearing. Nor does the record clarify what type of variance there might have been, had the parties not proceeded with a stipulated facts trial.

## CONCLUSION

The order for protection is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.