FILED
6/15/2026
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MATTHEW MERZ, an individual, | No. 87782-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| HARLYN JENKINS, JILLANE BAROS, MELINDA FINN-KAMERATH, individuals, | |
| Respondents. | |

COBURN, J. — Matthew Merz sued Harlyn Jenkins, Jillane Baros, and Melinda Finn-Kamerath for several tort claims and unlawful harassment. After Merz failed to respond to the motions, a Cowlitz County Superior Court commissioner granted respondents' motion for summary judgment dismissal of all claims and granted respondents' motion for CR 11 sanctions. Merz, representing himself below and on appeal, contends that the court was required to sua sponte order a continuance under CR 56(f), the court's award of CR 11 sanctions is not supported by adequate findings and violated his procedural due process rights, and that a superior court judge erred in denying revision of the commissioner's order denying Merz's motion for reconsideration. We disagree and affirm.

## FACTS

In July 2023 Merz sued Jenkins, Baros, and Finn-Kamerath, alleging claims of

slander, libel, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with business expectancy, and unlawful harassment. Merz based his claims on various allegations, including that defendants published a website about Merz to make him appear like a "violent, racist, sexist, pedophile yet to be brought to justice" during his tenure as a Kalama city councilmember. (Internal quotation marks omitted.) Merz alleged that respondents published on the website that Merz contributed to a comic book containing drawings that "sexualize an adolescent girl" and that Merz was associated with the head writer who was arrested and charged with possession of child pornography. Merz asked in part for "consequential damages in a sum according to proof." Merz did not submit a declaration in support of the allegations in his complaint. His complaint was not signed under the penalty of perjury.

Respondents moved for summary judgment dismissal of the lawsuit with prejudice under CR 56(c). Respondents asserted, among other reasons, that Merz failed to provide any evidence to support his claims and stated, "Given the absence of any genuine issues of material fact and [Merz's] failure to meet his burden of proof on each element of [his] claims for all causes of action, the [respondents] are entitled to summary judgment in their favor on all claims." Each of the respondents filed individual affidavits in support of their joint summary judgment motion.

On April 25, 2024, Merz moved to compel discovery and set a discovery conference. The following month Merz moved to dismiss respondents' summary judgment motion based on improper service. At a hearing on May 15, a trial court commissioner denied Merz's motions, but granted Merz's request for additional time for

discovery under CR 56(f). That commissioner continued the summary judgment hearing to July 17. On July 5 Merz moved for another continuance based on respondents' ostensible failure to produce requested interrogatories, admissions, or documents. The respondents moved for a protective order and requested sanctions under CR 11.[1] After a hearing on July 17, the same commissioner granted the motion for a protective order, limited discovery, and reserved the issue of sanctions for the summary judgment hearing. The commissioner set a discovery deadline for August 31 and granted Merz's continuance motion, rescheduling the summary judgment hearing for September 25.

Respondents provided answers to Merz's interrogatories and responses to requests for production on August 30.

At the September 25 hearing, another commissioner observed that Merz did not appear for the hearing and did not file a response to respondents' motion for summary judgment. That commissioner orally granted respondents' motion for summary judgment and later entered a written order on October 2 granting the motion and dismissing Merz's lawsuit with prejudice.

At the September 25 hearing, respondents' counsel also inquired about respondents' motion for CR 11 sanctions and informed the court that the motion was before the court with the summary judgment motion after respondents renewed the CR 11 motion following the July 17 hearing. In its October 2 written order, the commissioner granted respondents' motion for sanctions under CR 11.

On October 14 Merz moved for reconsideration of the order granting summary judgment. He requested reconsideration based on "evidence that was not available to

---

[1] The respondents' motion is not designated in the record on appeal.

the court at the time of … [respondents'] Motion for Summary Judgment." Merz did not explain why he could not provide the evidence earlier. He stated in his motion that he "previously prepared a draft of his Opposition to Summary Judgment but has yet to complete it due to [respondents'] failure to comply with Discovery request." He claimed that though he received responses to interrogatories and requests for admissions, "Defendants have failed to comply with requests for Production of Documents relating to the … matter."

Merz claimed that evidence in the record, within his possession, and that was yet to be provided by respondents in discovery was sufficient to survive summary judgment. Merz attached several exhibits to his motion, including respondents' previously filed individual affidavits, and filed his own sworn declaration. In his declaration, Merz stated that he missed the September 25 summary judgment due to "a technological error" with his smartphone calendar. Merz also stated that after he received respondents' "incomplete [discovery] responses" around August 30, 2024, he experienced health issues for the next three weeks that prevented him from pursuing a second motion to compel discovery prior to the summary judgment hearing.

The commissioner denied Merz's motion for reconsideration. The commissioner found that the motion was untimely. Additionally, the commissioner stated that "while [Merz] offers an excuse for why he did not attend the September 25, 2024 hearing on the summary judgment motion, he offers no explanation for his failure to file any sort of response to that motion in the more than five months since that motion was filed."

On October 28 Merz moved for revision of the commissioner's order denying reconsideration. Again, he asserted that "an unperceived technological error" prevented

4

him from attending the summary judgment hearing, which would have been avoided if his health issued did not "delay" him from filing a motion to compel and continuance request. Merz stated that the evidence he submitted with his motion for reconsideration "indicates that Discovery was still in progress when the Court granted [respondents'] Motion for Summary Judgment without [Merz] being present, despite having granted two Continuances to allow [respondents] time to comply with Discovery."

A superior court judge denied the motion for revision. In its denial order, the judge determined that Merz's motion for reconsideration was timely. The judge noted that Merz did not file a response to respondents' summary judgment motion and did not appear at the summary judgment hearing. Nonetheless, the judge evaluated Merz's claims by accepting the allegations in his complaint and motion for reconsideration as true and considering exhibits that Merz submitted with his motion for reconsideration "to the extent there are facts relevant to the summary judgment." The judge stated that it "consider[ed] facts that were available to the Commissioner on reconsideration of the summary judgment decision." Stating it "spent significant time" determining which of Merz's allegations supported theories of liability as opposed to extraneous "commentary," the judge found that certain alleged acts were time-barred and that Merz otherwise failed to establish elements necessary for his claims. The judge noted that each of Merz's causes of action "are dependent on … findings that [respondents] made defamatory statements about [Merz]." The judge found in part that Merz did not show that respondents acted with malice to support that they made defamatory statements or shared defamatory information about Merz while he was a public official. Specific to Merz's allegations against Finn-Kamerath, the judge found that Merz did not establish

that Finn-Kamerath shared any false information about Merz and that "[o]ther than making frequent and unsupported claims that [respondents] acted together, there are no other specific factual allegations connecting Finn-Kamerath to actions of either [Jenkins or Baros]."

Merz appeals.

## DISCUSSION

As a preliminary matter, we observe that Merz appeals pro se. Though we acknowledge the inherent difficulties of self-representation, we hold pro se litigants to the same standards as licensed attorneys and expect them to follow the rules of appellate procedure. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).[2] "'The law does not distinguish between one who elects to conduct [their] own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.'" Id. (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hearings Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1)).

An appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue raised on appeal. RAP 9.2, 9.6; In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). An appellant must provide "argument

---

[2] Merz incorrectly cites and quotes Olson, 69 Wn. App. at 626, for the proposition that Washington courts leniently apply rules of appellate procedure to ensure pro se litigant's claims are decided on the merits. In Olson, we observed that neither the trial court nor this court was obligated to grant special favors to the pro se litigant Olson, regardless of whether his representation of himself was unskilled. 69 Wn. App. at 626.

in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). "[W]e will not comb the record to find support for an appellant's argument." Fishburn v. Pierce County Planning & Land Servs. Dep't, 161 Wn. App. 452, 468, 250 P.3d 146 (2011). We need not consider arguments not supported by relevant references to the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

<u>CR 56(f)</u>

Merz contends that the trial court erred in granting summary judgment "while material discovery was outstanding" without providing a continuance under CR 56(f). Though he concedes he did not submit a motion for continuance under CR 56(f), Merz asserts that the court should have recognized that respondent's summary motion was "premature" or "allowed supplemental submissions." Merz claims that the trial court's failure to sua sponte order a continuance under CR 56(f) was an abuse of its discretion.

A trial court's decision on a party's request to continue a summary judgment hearing is reviewed for an abuse of discretion. Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 743, 218 P.3d 196 (2009). A trial court abuses its discretion if it bases its decision on untenable or unreasonable grounds. Id.

Under CR 56(f), a trial court may continue a summary judgment hearing if the nonmoving party demonstrates a need for additional time to obtain additional affidavits, take depositions, or conduct discovery. Winston v. Dep't of Corr., 130 Wn. App. 61, 64-65, 121 P.3d 1201 (2005).

7

> The trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence; (2) the requesting party does not indicate what evidence would be established by further discovery; or (3) the new evidence would not raise a genuine issue of fact.

Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003) (citing Tellevik v. 31641 W. Rutherford St., 120 Wn.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992)). The opinions that Merz relies upon do not stray from, and indeed apply, this rule. See Turner v. Kohler, 54 Wn. App. 688, 692-93, 695, 775 P.2d 474 (1989) (holding that trial court did not abuse its discretion in hearing summary judgment motion based on evidence when party's summary judgment affidavits did not mention CR 56(f), request a continuance, state what evidence was contemplated, or state reason for delay); Coggle v. Snow, 56 Wn. App. 499, 507-08, 784 P.2d 554 (1990) (holding that trial court abused its discretion in denying motion to continuance where party was unable to produce declarations in time for summary judgment hearing due to recent change in counsel and identified what evidence he sought and explained how such evidence would preclude summary judgment).

In the instant case, Merz was granted two continuances under CR 56(f), which deferred the trial court's consideration of the summary judgment motion to September 25. Merz did not move to continue the September 25 date. We have previously held that "[w]here a continuance is not clearly requested, the trial court does not err in deciding a summary judgment motion based on the evidence before it." Bldg. Indus. Ass'n of Wash., 152 Wn. App. at 743; see also Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 24-25, 851 P.2d 689 (1993) (stating that plaintiff cannot claim that the trial court prematurely granted summary judgment "[b]ecause she did not move for another

8

continuance or otherwise indicate to the trial court that she needed more time" and "[t]o hold otherwise would constitute an unwarranted encroachment on the trial court's discretion to dismiss cases which fail to raise genuine issues for trial").[3] Moreover, to request a continuance under CR 56(f), a party must submit an affidavit or affidavits setting forth the evidence the party seeks and how such evidence will defeat summary judgment. Durand v. HIMC Corp., 151 Wn. App. 818, 828, 214 P.3d 189 (2009). The affidavit must also explain why additional time is necessary. Briggs v. Nova Servs., 135 Wn. App. 955, 961, 147 P.3d 616 (2006). Merz did not submit any affidavit to the trial court to support the need for a third continuance prior to its summary judgment ruling. In his briefing, Merz provides a list of "evidence" that would have been revealed with additional discovery and claims that such evidence was necessary for him to prove his defamation claims. He provides no cites to the record to establish if or when he provided this information to the trial court. See RAP 10.3(a)(6). The trial court did not abuse its discretion in deciding the summary judgment motion without ordering a third continuance that Merz did not request and for which he provided no factual or legal support.

CR 11 Sanctions

Merz challenges the trial court's award of sanctions under CR 11. We review a trial court's issuance of CR 11 sanctions for abuse of discretion. Nguyen v. Quality Loan Serv. Corp., 33 Wn. App. 2d 602, 605, 562 P.3d 384 (2025). A trial court abused its discretion if its conclusion was "manifestly unreasonable or based on untenable grounds

---

[3] We further note that "the discovery schedule does not restrict the trial court's ability … to grant summary judgment when a motion is properly brought." Guile, 70 Wn. App. at 25 n.4. A discovery schedule is only meant to help the trial court manage the progress of an individual case. Id.

or reasons." Gordon v. Robinhood Fin., LLC, 31 Wn. App. 2d 185, 207, 547 P.3d 945 (2024) (internal quotation marks omitted). CR 11 is intended to discourage "baseless filings" and curtail "abuses of the judicial system." Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992).

Merz contends that the sanctions order should be reversed for lack of adequate findings. In so arguing, Merz's briefing seems to conflate the commissioner's order granting CR 11 sanctions with the commissioner's order denying reconsideration. Regardless, because the sanctions order is supported by adequate findings, Merz's argument fails.

When imposing sanctions under CR 11, a court "'must make a finding that either the claim is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or [that] the paper was filed for an improper purpose.'" State ex rel. Quick-Ruben v. Verharen, 136 Wn.2d 888, 904, 969 P.2d 64 (1998) (emphasis added) (quoting Biggs v. Vail, 124 Wn.2d 193, 201, 876 P.2d 448 (1994)). The court applies an objective standard to determine whether a reasonable attorney in like circumstances could believe their actions to be factually and legally justified. Bryant, 119 Wn.2d at 220. A trial court must "make explicit findings as to which filings violated CR 11, if any, as well as how such pleadings constituted a violation." Biggs, 124 Wn.2d at 202.[4] CR 11 applies equally to pro se litigants. In re Recall of Lindquist, 172 Wn.2d 120, 136, 258 P.3d 9 (2011); see Patterson v. Superintendent of Pub. Instruction, 76 Wn. App. 666, 671, 887 P.2d 411 (1994).

---

[4] To support his argument, Merz cites "Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494 (1997)." Burnet discussed the imposition of sanctions under CR 37(b) for violation of a discovery order, and is thus not applicable to this appeal. See Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).

The trial court's order provides sufficiently explicit findings. In its order, the court found that Merz's "claims lack legal and factual merit" and, in addition to granting summary judgment for the respondents, the court found "it appropriate to grant [respondents'] Motion for CR 11 Sanctions against [Merz] for filing frivolous claims and for improper purposes." "As a result of [Merz's] egregious conduct, including threats of physical harm," the court ordered sanctions under CR 11 and RCW 4.84.185.[5] Merz does not challenge the court's findings relating to the sanctions order as erroneous.[6] Such findings are thus verities on appeal. See Jensen v. Lake Jane Estates, 165 Wn. App. 100, 105, 267 P.3d 435 (2011).

Citing our Supreme Court's decision in Bryant, 119 Wn.2d 210, Merz argues that "[t]o the extent the sanctions were imposed without meaningful opportunity for [Merz] to participate due to the technical failure that prevented [his] attendance at the hearing, the order may have lacked the procedural safeguards required under due process."

In the CR 11 context, due process "requires notice and an opportunity to be heard." Bryant, 119 Wn.2d at 224. Merz does not contend that he was not provided notice of the sanctions motion or the September 25 motion hearing, which was continued from the July 17 hearing at which he was present. Merz also does not show how, despite having notice and the opportunity to be heard, the trial court erred under Bryant by deciding the motion after Merz did not appear at the September 25 hearing. Accordingly, his due process claim fails. See Seven Gables Corp. v. MGM/UA Ent. Co.,

---

[5] Merz does not challenge the adequacy of the trial court's findings under RCW 4.84.185.

[6] Even if Merz did challenge the trial court's findings underlying its CR 11 order, his failure to designate the respondents' motion for sanctions deprives this court of a record sufficient for review. See Haugh, 58 Wn. App. at 6; Olmsted v. Mulder, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993); RAP 9.6, 9.2(b).

106 Wn.2d 1, 14, 721 P.2d 1 (1986) (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir. 1970)) ("[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.").

We conclude that the trial court did not abuse its discretion in granting CR 11 sanctions against Merz.

Revision Order

Merz challenges the commissioner's order denying his motion for reconsideration under CR 59 and the trial court judge's order denying his motion for revision of the commissioner's order under RCW 2.24.050.

Court commissioners have broad authority under our state constitution. State v. Karas, 108 Wn. App. 692, 701, 32 P.3d 1016 (2001). Article IV, section 23 provides:

> There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law.

WASH. CONST. art. IV, § 23 (emphasis added). "The duties of judges 'at chambers' include the power to 'entertain, try, hear and determine, all actions, causes, motions, demurrers and other matters not requiring a trial by jury[.]'" Karas, 108 Wn. App. at 701 (quoting State ex rel. Lockhart v. Claypool, 132 Wash. 374, 375, 232 P. 351 (1925)). The legislature cannot remove any of the constitutionally based powers of the courts.[7]

---

[7] Merz repeatedly asserts in his brief that RCW 2.24.040 requires court commissioners to submit for judicial approval any orders affecting substantive rights. RCW 2.24.040 does not contain this language, and the legal cites that Merz provides do not support this proposition. We further note that as part of his argument Merz improperly attributes a nonexistent quotation from "the Supreme Court" that "[a]n order that finally determines a claim or defense exceeds the delegated authority of a commissioner" to this court's decision in State ex rel. McCool v. Small Claims Court of Jefferson County Dist. Court of Port Townsend, 12 Wn. App. 799, 803, 532

State ex rel. Henderson v. Woods, 72 Wn. App. 544, 549, 865 P.2d 33 (1994) (citing Lockhart, 132 Wash. at 377); see Karas, 108 Wn. App. at 701-02 (holding that lack of express reference in RCW 2.24.040 to permanent domestic violence protection orders does not limit a commissioner's authority to issue such orders).

RCW 2.24.050 provides that interested parties may seek revision of a court commissioner's acts and proceedings by the superior court. "Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." Under RCW 2.24.050, a court commissioner's findings and orders that are not successfully revised become the orders and findings of the superior court. "A revision denial constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

"Once a judge rules on a motion for revision, any appeal is from the judge's decision, not the commissioner's." In re Marriage of Tupper, 15 Wn. App. 2d 796, 801, 478 P.3d 1132 (2020) (citing State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004)). Accordingly, Merz's arguments regarding the commissioner's order are outside the scope of this review and we focus our review on whether the trial court judge abused the judge's discretion in denying revision of the commissioner's order. See In re Receivership of Applied Restoration, Inc., 28 Wn. App. 2d 881, 889-90, 539 P.3d 837 (2023), review denied, 3 Wn.3d 1012 (2024).

In considering a motion for revision, a trial court reviews a commissioner's ruling

---

P.2d 1191 (1975). A party's citation to nonexistent or misleading authorities violates RAP 10.3(a)(6). Everyone, including pro se litigants, are responsible to confirm their pleadings, motions, briefs, and other filings are accurate and supported by properly represented authority.

de novo based on the evidence and issues presented to the commissioner. <u>In re Marriage of Williams</u>, 156 Wn. App. 22, 27, 232 P.3d 573 (2010) (citing RCW 26.12.215; RCW 2.24.050; <u>In re Marriage of Moody</u>, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999)). We review a trial court's denial of a motion for reconsideration under CR 59 and its decision to consider new or additional evidence presented with the motion for an abuse of discretion. <u>Martini v. Post</u>, 178 Wn. App. 153, 161, 313 P.3d 473 (2013). That is, if the trial court exercises its discretion in a manifestly unreasonable manner or exercises it on untenable grounds or for untenable reasons. <u>Wash. Election Integrity Coal. United v. Schumacher</u>, 28 Wn. App. 2d 176, 204, 537 P.3d 1058 (2023). We may generally affirm a trial court's decision on any basis supported by the record. <u>State v. Bunner</u>, 86 Wn. App. 158, 161, 936 P.2d 419 (1997); <u>Backlund v. Univ. of Wash.</u>, 137 Wn.2d 651, 670, 975 P.2d 950 (1999) (citing <u>LaMon v. Butler</u>, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989)).

Merz asserts that the trial court failed to conduct a de novo review of the record before the commissioner as required under RCW 2.24.050 and merely deferred to the commissioner's decision. The record does not support Merz's assertion. The court's revision order stated that the court "reviewed the court file, the hearing, the evidence admitted at the hearing and the pleadings considered by the commissioner." The court further disagreed with the commissioner's determination that Merz's motion for reconsideration was untimely. The court ultimately issued its decision denying revision of the commissioner's order based on its own assessment of Merz's allegations and evidence that Merz submitted with his motion for reconsideration "to the extent there are facts relevant to the summary judgment." Merz does not point to any specific part of the

trial court's order denying revision to support his claim that the court failed to perform a de novo analysis of the commissioner's decision denying reconsideration under RCW 2.24.050. See RAP 10.3(a)(6); Port Susan Chapel of the Woods v. Camping Club, 50 Wn. App. 176, 188, 746 P.2d 816 (1987) ("It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit.").

Merz also claims that the trial court improperly refused to consider the commissioner's CR 11 sanctions order for revision. But Merz's motion for reconsideration makes no mention of the CR 11 sanctions order. "Generally, a superior court judge's review of a court commissioner's ruling, pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner." Moody, 137 Wn.2d at 992-93.

Lastly, Merz fails to establish that the trial court abused its discretion in denying revision of the commissioner's decision to deny his motion for reconsideration. Merz argues that the trial court failed to properly consider evidence that he submitted with his motion for reconsideration, which he asserts would warrant reconsideration of the summary judgment dismissal under various provisions of CR 59. However, even without considering the trial court's substantive evaluation of evidence that Merz submitted with his motion for reconsideration, the record supports the court's order denying revision of the commissioner's decision.

Merz submitted several exhibits with his motion for reconsideration. He requested reconsideration based on such "evidence" that was purportedly unavailable to the court at the time of respondents' summary judgment motion. Though there is no

prejudice if a trial court considers additional facts on reconsideration in the context of summary judgment, motions for reconsideration and a court's taking of additional evidence remains within the discretion of the court under CR 59. Chen v. State, 86 Wn. App. 183, 192, 937 P.2d 612 (1997). CR 59(a)(4) authorizes a court to vacate a verdict or other decision based on "[n]ewly discovered evidence, material for the party making the application, which the party could not with reasonable diligence have discovered and produced at the trial." This rule requires the party requesting reconsideration to establish that the evidence (1) will probably change the result, (2) was discovered since the court ruled in the opposing party's favor, (3) could not have been discovered earlier with due diligence, (4) is material, and (5) is not merely cumulative or impeaching. Go2Net, Inc. v. C I Host, Inc., 115 Wn. App. 73, 88, 60 P.3d 1245 (2003).

Here, Merz did not identify what, if any, evidence he was unaware of at the time of the summary judgment ruling or provide any explanation as to why he could not discover the evidence earlier. Neither Merz's motion for reconsideration nor his motion for revision refers to CR 59(a)(4) or its standard for untimely, "newly discovered" evidence. Many of the exhibits that Merz submitted consist of respondents' individual answers to interrogatories and responses to requests for production served upon Merz on August 30, 2024, or respondents' individual affidavits served in April or August 2024. Merz submitted a sworn declaration with his motion for reconsideration addressing his failure to submit a motion to compel further discovery and his absence at the summary judgment hearing in September 2024, but the declaration does not address why he could not apprise the court of evidence before its summary judgment ruling. Because Merz did not meet his burden to show why the evidence was not reasonably

discoverable until after the summary judgment decision, we conclude that the trial court did not abuse its discretion in denying Merz's motion for revision of the commissioner's order denying reconsideration under CR 59. We may affirm the trial court's order denying revision on any basis supported in the record. See West v. Dep't of Licensing, 182 Wn. App. 500, 516-18, 331 P.3d 72 (2014) (citing LaMon, 112 Wn.2d at 200-01). Accordingly, we need not consider Merz's arguments that rely on evidence he submitted on reconsideration.[8]

## CONCLUSION

For the foregoing reasons,[9] we affirm the commissioner's order granting summary judgment to respondents and awarding CR 11 sanctions against Merz as well as the superior court judge's order denying revision of the commissioner's order denying Merz's motion for reconsideration.

_Coburn, J._

WE CONCUR:

_Díaz, J._          _Mann, J._

---

[8] We also do not consider Merz's related assertion that the trial court violated his due process rights in denying his motion for revision, which he does not support with legal authority. "Such '[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) (alteration in original) (quoting Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

[9] Merz's failure to establish error dooms his argument under RAP 12.2 based on "cumulative error."