# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALISHA BROWN,<br><br>    Respondent,<br><br>    v.<br><br>KELLY R CLYMENS,<br><br>    Appellant. | No. 87949-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — A Pierce County Superior Court commissioner entered a domestic violence protection order (DVPO) restraining Kelly Clymens, finding Clymens physically and sexually assaulted Alisha Brown and exhibited coercive control. The court also entered a limited parenting plan restricting Clymens's residential time with their child. After unsuccessfully seeking revision, Clymens appeals, arguing the superior court abused its discretion by making findings without substantial evidence and deprived him of due process. Clymens also argues his counsel was ineffective. We affirm.

I

On December 10, 2024, Brown petitioned for a DVPO against Clymens on behalf of herself and their child, L.B.C. Brown reported that Clymens had "barricaded [their son] in a locked bedroom while he screamed," had "threatened to take [her] kids away," and that he had choked, pushed, and restrained her as well as threatened her with guns. On the same day, at an ex parte hearing, the

court found that Clymens engaged in domestic violence and coercive control and entered a temporary DVPO.

At a hearing on December 24, 2024, Clymens asked for visitation with L.B.C. for Christmas and Clymens's birthday. The court ordered supervised visits but left it to the parties to determine who the authorized supervisor would be. The court also granted Clymens's request to continue the matter to January 7, 2025. Clymens filed a cross petition on December 31, 2024 alleging physical abuse and damage to property.

On January 7, Clymens reported Brown and he had agreed upon a supervisor for child visitation. Clymens also presented an agreed continuance motion, and the court continued the matter to January 21, 2025. The court noted the matter needed to be continued to accommodate Brown's response to Clymens's recently filed counter petition.

On January 21, the court held a hearing on both petitions. Brown testified about her history with Clymens, detailing the physical, emotional, and sexual abuse she experienced. She also testified about an incident where Clymens locked himself and their child in a bedroom. In argument, Clymens argued Brown's testimony about the bedroom incident contradicted the transcript he submitted as evidence, which he said showed their son was not afraid of him. He also argued the photographs he submitted in support of his petition showed Brown had subjected him to violence. He lastly argued that Brown did not submit any other evidence to support her petition.

2

The court granted Brown's petition and denied Clymens's, entering a one year DVPO protecting Brown and restraining Clymens. The court noted that, even with reviewing the transcript of the video of the bedroom incident, "it's likely that there was already coercive control, sexual assault, and domestic violence going on in this relationship." The court ordered a parenting plan in the DVPO permitting Clymens three supervised visits a week: "[two] mid-week visits – [two] hours each," and "[one] weekend visit – [six] hours on [Saturday] or [Sunday]."

Clymens unsuccessfully moved for revision and now appeals.[1]

II

A[2]

Clymens argues there was insufficient evidence to support a DVPO against him.[3] We disagree.

---

[1] We deny Clymens's motion to strike Brown's response brief. Clymens argues that Brown filed her response brief six days late without asking for an extension, that Brown failed to properly serve her response brief, and that he only received notice of her brief from our clerk's office. He argues, as a result, that he was prejudiced by her actions and he should be awarded sanctions against her. Clymens does not show he was prejudiced by either the late filing of her brief or her alleged failure to properly serve her brief. Clymens makes no mention of Brown's untimely response in his reply brief and does not show how her late filing prevented him from fully addressing her response arguments. We have reviewed both Brown's response and Clymens's reply briefs on the merits. We also deny Clymens's motion for sanctions.

[2] We address each of Clymens's arguments to the extent they are adequately supported by citations to legal authority and to the record. RAP 10.3(a)(6).

[3] Clymens's DVPO expired January 21, 2026. No party argues this case is moot. An expired protection order imposes a "continuing stigma" that can be removed by a favorable decision, thereby providing effective relief. See Hough v. Stockbridge, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), rev'd on other grounds, 150 Wn.2d 234, 76 P.3d 216 (2003).

"When reviewing an order on revision, we look to the superior court's decision, not the commissioner's." Davis v. Arledge, 27 Wn. App. 2d 55, 63, 531 P.3d 792 (2023). Under RCW 2.24.050, the findings and orders of a court commissioner not successfully revised become the orders and findings of the superior court. "A revision denial constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). "We review a trial court's decision to grant a DVPO for abuse of discretion." Davis, 27 Wn. App. 2d at 63-64. "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons." Id. at 64.

"We review the superior court's findings of fact for substantial evidence." Id. " 'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.' " Id. (quoting Bering v. Share, 106 Wn2d 212, 220, 721, P.2d 918 (1986)).

"To obtain a DVPO, a petitioner must show by a preponderance of the evidence that [domestic violence] occurred." Id.; see RCW 7.105.225(1)(a). Under chapter 7.105 RCW, which governs civil protection orders, "domestic violence" is "[p]hysical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking of one intimate partner by another intimate partner; or . . . of one family or household member by another family or household member." RCW 7.105.010(10)(a), (b).

4

Here, there was substantial evidence to convince a fair minded, rational person by a preponderance of the evidence that Brown was subjected to domestic violence by Clymens. At the continued hearing for a one-year protection order, Brown testified that since 2020, Clymens had sexually assaulted her "several times throughout the week" for years. She described the incident where Clymens barricaded himself and their child in a bedroom. She filed a declaration giving account of the sexual assaults and the bedroom incident.[4]

Brown also filed declarations from her mother, sister, and cousin-in-law. Her mother's declaration recounts her receiving calls from Brown "about arguments and escalations to physical violence," as well as a time she went to Brown's house and "found out from [Brown] that [Clymens] just choked [Brown]" and saw Brown's neck "being swollen and reddish in color." Her sister's declaration recounted an incident where Clymens was yelling while holding a gun. Her cousin-in-law's declaration recounted an incident where Brown spoke to L.B.C.'s school and was informed Clymens had told L.B.C. he was never going to see his mother again.

Clymens argues that the trial court relied on "written allegations that were unsupported by independent documentation, testimony, or physical evidence," and that Brown did not produce any photographs, police reports, or video. However, "[h]earings may be conducted upon the information provided in the sworn petition,

---

[4] Clymens argues Brown relies on an unsubstantiated statement in her declaration that he violated a temporary DVPO to support her argument on appeal. However, we do not address issues argued for the first time in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

live testimony of the parties should they choose to testify, and any additional sworn declarations." RCW 7.105.200(5). Here, the superior court ordered the DVPO based upon Brown's testimony and declarations, indicating it believed Brown and the declarants. We defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. Davis, 27 Wn. App. 2d at 64.

Clymens also argues the superior court erred in only considering some of the transcript from the recording of the bedroom incident contrary to ER 106. Clymens's argument is unavailing. The commissioner stated that she had read the transcript. Apart from the court's discretion not to apply the rules of evidence, RCW 7.105.200(8), Clymens never offered, and the commissioner never purported to exclude, any parts of the writing necessary to provide appropriate context. Rather, the commissioner read the transcript and as the trier of fact determined its probative value. There was substantial evidence for a fair-minded, rational person to conclude Clymens subjected Brown to domestic violence, and Clymens's evidentiary arguments fail.

B

Clymens argues the superior court erred in restricting visitation with L.B.C. and ordering supervised visits without applying RCW 26.09.191, which he argues violated his due process rights. As part of the DVPO, the temporary parenting plan also expired on January 21, 2026. RCW 7.105.310(1)(f) provides the court with statutory authority to order a parenting plan with limitations on residential time as part of a DVPO "on the same basis as is provided in chapter 26.09 RCW." At the

hearing, the trial court heard input from the parties in fashioning a temporary parenting plan allowing Clymens to have visitation with L.B.C. Clymens did not argue that the commissioner was required to make specific findings under RCW 26.09.191. Clymens also did not make this argument in his motion for revision. By not presenting this argument in the trial court, Clymens waived his ability to present for the first time in this court. See RAP 2.5(a). In addition, Clymens fails to explain in his briefing how the commissioner abused their discretion. Under RCW 26.09.191(4)(a)(iii), a parent's history of acts of domestic violence as defined in RCW 7.105.010 is grounds for limiting a parent's residential time. The commissioner found that Clymens subjected Brown to domestic violence. Clymens fails to show error.

C

Clymens argues his attorney at the hearing for a one year DVPO failed to let him testify or introduce requested evidence into the record and failed to move for reconsideration instead of revision. Clymens argues this was ineffective assistance of counsel. Clymens fails to cite any authority that the Sixth Amendment right to effective counsel applies to a proceeding such as this. See Nicholson v. Rushen, 767 F.2d 1426 (9th Cir. 1985) (Sixth Amendment applies to criminal cases); In re Detention of T.A.H.-L, 123 Wn. App. 172, 179, 97 P.3d 767 (2004) (party may bring an ineffective assistance of counsel claim in civil commitment proceeding); In re Welfare of J.M., 130 Wn. App. 912, 920-22, 125 P.3d 245 (2005) (discussing right to counsel in parental rights termination proceedings). No authority has been cited in Washington recognizing a right to an

attorney in a DVPO proceeding, and the legislature has yet to grant a statutory right to an attorney in DVPO proceedings under chapter 7.105 RCW. Clymens' argument fails.

D

Clymens argues the denial of his cross petition and "failure to consider or even enter key exculpatory evidence" deprived him of due process. Washington courts have already recognized that the DVPO statute does not violate procedural due process because the statute includes several safeguards, most notably " 'notice and a meaningful opportunity to be heard by a neutral decision maker.' " Davis, 27 Wn. App. 2d at 71 (discussing the former DVPO statute, chapter 26.50 RCW, repealed and recodified in Laws of 2021, ch. 215, § 170(94)-(126)) (quoting State v. Karas, 108 Wn. App. 692, 699, 32 P.3d 1016 (2001)); see also Gourley v. Gourley, 158 Wn.2d 460, 469-70, 145 P.3d 1185 (2006). Clymens does not argue that he did not have an opportunity to present evidence; rather, he argues that because his counsel did not present evidence or his own testimony, the court failed to consider it. But Clymens did provide oral argument and also submitted as evidence the transcript of the bedroom incident, both of which the court considered. Moreover, contrary to Clymens's argument, the commissioner clearly did consider his petition separately filed under a different cause number. But the actions were never consolidated, and following the hearing, to the extent of this court's record, Clymens sought revision and appeal only from the order granting Brown's petition, and not the order denying his. The transcript nevertheless shows that despite Clymens's failure to take steps necessary to bring his separately filed

matter to the attention of the revision court and this court, the commissioner did consider that evidence. Clymens's due process argument fails.

E

Brown requests attorney fees on appeal, which Clymens disputes because his arguments on appeal are not frivolous. RAP 18.1(a) permits a party to request attorney fees on appeal where applicable law grants them that right. We may award attorney fees where allowed by statute, rule, or contract. Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.2d 680 (2017). If fees are allowable at trial, then "the prevailing party may recover fees on appeal." Id. RCW 7.105.310(1)(j) permits the superior court, within its discretion, to order the respondent to pay administrative court costs, service fees, and reasonable attorney fees "incurred in bringing the [domestic violence protection order]." Although we do not rule that Clymens's arguments on appeal are frivolous, Brown is the prevailing party and may be awarded fees under RCW 7.105.310(1)(j) on that basis. Because Brown is the prevailing party in this court, we grant Brown's request for reasonable attorney fees on appeal, subject to her compliance with RAP 18.1(d).

Affirmed.

_____
Birk, J.

WE CONCUR:

_____
Feldman, J.

_____